IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | NO. 3:04-CR-240-P |
| SHUKRI ABU BAKER (2) | § | ECF |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |
|     Defendants. | § | |

## MOTION TO STAY TRIAL PENDING INTERLOCUTORY APPEAL

Now come SHUKRI ABU BAKER, MOHAMMAD EL-MEZAIN, GHASSAN ELASHI, MUFID ABDULQADER and ABDULRAHMAN ODEH and file their Motion to Stay Trial Pending Interlocutory Appeal. In support thereof, they state as follows:

### I. Procedural History

On May 30, 2008, defendants filed a Motion to Dismiss the Superseding Indictment on Double Jeopardy Grounds with Incorporated Memorandum of Law ("Double Jeopardy Motion"). *See* Double Jeopardy Motion (Document 1037). On June 17, 2008, the government filed its Response in Opposition to Defendants' Motion to Dismiss Superseding Indictment on Double Jeopardy Grounds ("Double Jeopardy Response"). *See* Double Jeopardy Response (Document 1057). On June 24, 2008 defendants filed a Motion for Leave to Reply to Government's Response to Defendants' Motion to Dismiss Indictment on Double Jeopardy Grounds ("Motion for Leave to Reply"). *See* Motion for Leave to Reply (Document 1078). On June 27, 2008, defendants filed their Reply to Government's Response to Motion to Dismiss the Superseding

Indictment on Double Jeopardy Grounds ("Double Jeopardy Reply"). *See* Double Jeopardy Reply (Document 1081). On July 3, 2008, the Court issued a Memorandum Opinion and Order denying defendants' Motion for Leave to Reply and then denying defendants' Double Jeopardy Motion. *See* Memorandum Opinion and Order (Document 1090). Defendants timely filed a Notice of Appeal from the July 3, 2008 Memorandum Opinion and Order on July 11, 2008. *See* Notice of Appeal (Document 1099).

Also on July 11, 2008, defendants filed their Motion to Reconsider the Court's Order Denying Defendants' Motion for Leave to File Reply and Motion to Dismiss the Superseding Indictment on Double Jeopardy Grounds ("Motion to Reconsider"). *See* Motion to Reconsider (Document 1098). On July 14, 2008, the Court entered an Order granting in part defendants' Motion to Reconsider in that defendants were granted leave to file their reply. *See* Order (Document 1100). In its Order, the Court then denied defendants' Motion to Reconsider in that the Court again denied defendants' Double Jeopardy Motion. *Id.* On July 15, 2008, defendants timely filed a Notice of Appeal from this Order. *See* Notice of Appeal (Document 1104).

## II.　Argument

"[T]he denial of a double jeopardy motion is an appealable order under 28 U.S.C. § 1291." *United States v. Dunbar,* 611 F.2d 985, 987 (5th Cir. 1980) (en banc) (citing *Abney v. United States,* 431 U.S. 651 (1977)). When a defendant files a nonfrivolous double jeopardy appeal, the district court is precluded from proceeding with the case until the appeal is concluded. *Dunbar*, 611 F.2d at 988; *see also United States v. Angleton,* 221 F. Supp. 2d 696, 703 (S.D.Tex.2002).

Defendants' Motion to Stay Trial　　　　　- 2 -

This appeal is not frivolous. "The Fifth Circuit has instructed that courts should apply the literal meaning of the term 'frivolous' when determining whether to stay the case pending interlocutory appeal, bearing in mind that the frivolousness inquiry is intended to prevent dilatory claims, not colorable ones." *United States v. Baylee*, 2008 WL 89624, *7 (S.D. Tex. 2008) (slip op.) (*citing United States v. Kalish,* 690 F.2d 1144, 1154 (5th Cir. 1982); *Angleton,* 221 F. Supp. 2d at 736-37). Thus, for example, a double jeopardy claim is non-frivolous if it is merely "colorable" or it has "some possible validity." *Richardson v. United States,* 468 U.S. 317, 326 (1984). Moreover, "[d]ouble jeopardy claims are not frivolous when the claim is complicated or raises legal issues not clearly foreclosed by binding precedent, even if the claim is rejected on the merits." *Angleton*, 221 F. Supp. 2d at 736. In short, double jeopardy claims that are "complicated and fact-ridden" are by definition non-frivolous. *Id.* The Fifth Circuit will "carefully scrutinize" petitions for expedited relief from findings of frivolousness. *Kalish*, 690 F.2d 1154.

The double jeopardy arguments raised by defendants are both factually and legally complex. Defendants' double jeopardy arguments are not clearly foreclosed by binding precedent – indeed, defendants' arguments are supported by citation to legal authority. Therefore, the instant appeal is colorable and, in turn, decidedly not frivolous. *See* Double Jeopardy Motion; *see also* Double Jeopardy Reply.

An initial issue is whether the Court can infer consent from the statements of counsel for the defendants and if so, whether defense counsel can give effective consent when that consent is induced by fraudulent representations or mistake of fact. Regarding the issue of consent, the Court must make an individualized assessment as to each defendant, since each defendant has

Defendants' Motion to Stay Trial    - 3 -

separate counsel addressing the Court on his behalf. There is some confusion among courts as to the standard that should be applied to imply consent to a mistrial. *See* Double Jeopardy Reply at 11-13. In addition, there is some authority for the proposition that when a defendant's consent is "induced . . . without the benefit of all the facts," it is "no consent at all." *Id.* (quoting *United States v. Martinez*, 667 F.2d 886, 889 (10th Cir. 1981)). The question of implied consent is complex, requires a fact-intensive analysis and by itself renders the appeal non-frivolous.

In addition, defendants' other arguments are similarly legally and factually complex and certainly meet the "colorable" threshold. For example, defendants contend that because they did not consent to the mistrial, the Court's declaration of a mistrial must be assessed pursuant to the "manifest necessity" standard of *Arizona v. Washington*, 434 U.S. 497, 505 (1978), and its progeny. Double Jeopardy Motion at 7-18. In their Double Jeopardy Motion, defendants set out a number of non-exclusive factors that courts have considered in determining whether there existed manifest necessity for a trial court's grant of a mistrial. *Id.* at 9. Defendants then address each of these factors in turn in the context of the facts of this case.

Moreover, defendants argue that even if they are deemed to have consented to the declaration of a mistrial, under *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982), they still prevail. Under the *Kennedy* standard, as it has been construed, when a prosecutor commits an error—in this case the dual errors of providing the non-admitted and demonstrative exhibits to the jury and then misrepresenting to the Court and the defense that no such exhibits had gone back—"*because* he thought that otherwise the jury would acquit and he would therefore be barred from

Defendants' Motion to Stay Trial         - 4 -

retrying the defendant[,]" there is a double jeopardy bar to reprosecution. *United States v. Catton*, 130 F.3d 805, 807 (7th Cir. 1997) (emphasis in original).[1]

Although this Court rejected defendants' double jeopardy arguments, that ruling is immaterial to the determination that a stay is warranted. *Angleton*, 221 F. Supp. 2d at 736; *see also, United States v. Hirko*, 447 F. Supp. 2d 734, 749-50 (S.D. Tex. 2006). The legal questions surrounding defendants' double jeopardy claims are legally complex and fact-bound. Following *Abney*, *Richardson*, *Dunbar*, *Angleton* and *Kalish*, a stay of trial is warranted to permit defendants to pursue their Double Jeopardy appeal(s) that are now pending before the United States Court of Appeals for the Fifth Circuit.[2]

### III.   Conclusion and Prayer

For all the reasons set forth above, defendants respectfully request that this Court find that defendants double jeopardy claims are non-frivolous, and enter a stay of trial pending resolution of defendants' pending interlocutory appeal(s).

Respectfully submitted,

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU
Texas Bar Card No. 24028839
LAW OFFICE OF MARLO P. CADEDDU, P.C.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Office: 214.220.9000
Fax: 214.744.3015
Email: cadeddulaw@sbcglobal.net
ATTORNEY FOR DEFENDANT

---

[1] Defendants also requested an evidentiary hearing to explore these issues of fact to the extent they were not sufficiently established in their motion.

[2] Defendants' two appeals from the Court's Orders entered July 3, 2008 and July 14, 2008 address interrelated issues and will be consolidated for purposes of appeal.

MUFID ABDULQADER (07)

/s/ Nancy Hollander
NANCY HOLLANDER
New Mexico Bar Card No. 1185
Email: nh@fbdlaw.com
JOHN W. BOYD
New Mexico Bar Card No. 286
Email:  jwb@fbdlaw.com
THERESA M. DUNCAN
New Mexico Bar Card No. 12444
Email: tmd@fbdlaw.com
FREEDMAN BOYD
HOLLANDER GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Office: 505.842.9960
Fax: 505.842.0697
ATTORNEYS FOR DEFENDANTS
SHUKRI ABU BAKER (02)

/s/ Joshua L. Dratel
JOSHUA L. DRATEL
New York Bar Card No. 1795954
AARON J. MYSLIWIEC
New York Bar Card No. 4168670
Law Office of Joshua L. Dratel
2 Wall St.
3rd Floor
New York, NY 10005
Office: 212.732.0707
Email: jdratel@joshuadratel.com
ATTORNEYS FOR DEFENDANT
MOHAMMAD EL-MEZAIN (03)

/s/ Linda Moreno
LINDA MORENO
Florida Bar 0112283
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, FL 33679
Office: 813.247.4500

Email: linbianca@aol.com
JOHN D. CLINE
California Bar No. 237759
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
(415) 626-3939 (Telephone)
(415) 875-5700 (Facsimile)
jcline@jonesday.com (Email)
ATTORNEYS FOR DEFENDANT
GHASSAN ELASHI (4)

/s/ Greg Westfall
GREG WESTFALL
Texas Bar Card No. 00788646
WESTFALL, PLATT & CUTRER
101 Summit Avenue, #910
Fort Worth, TX 76102
Office: 817.877.1700
Fax: 817.877.1710
ATTORNEY FOR DEFENDANT
ABDULRAHMAN ODEH (08)

**CERTIFICATE OF CONFERENCE**

I certify that counsel has previously discussed the relief requested in the instant motion with counsel for the government, Barry Jonas, and he is opposed to this relief.

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Marlo P. Cadeddu
MARLO P. CADEDDU

Defendants' Motion to Stay Trial            - 7 -